IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NAPOLEON GRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHIEF JUDE and THE MEDICAL )<br>CENTER OF CENTRAL GEORGIA, )<br>Defendants. )<br>) | CIVIL ACTION NO. 5:13-CV-340 (MTT) |

## ORDER

This matter is before the Court on the Plaintiff's motion for reconsideration and to appoint counsel (Doc. 7). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F.Supp. 1209, 1223 (M.D. Ga. 1997).

Here, the Plaintiff has not met his burden. He has alleged no intervening change in the law, has presented no new evidence not previously available to the parties, and the Court is not persuaded its previous ruling was clearly erroneous. Accordingly, the Plaintiff's motion for reconsideration is **DENIED**.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted); *see also Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Here, the Plaintiff seeks the appointment of counsel apparently to assist him in filing a new complaint. While it is not entirely clear what claims the Plaintiff was trying to assert in the dismissed complaint, it is clear that any possible claims he had based on the alleged facts were neither factually nor legally complex. *See Wahl*, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the motion is **DENIED**.

**SO ORDERED**, this the 11th day of October, 2013.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT